NOT DESIGNATED FOR PUBLICATION

Nos. 121,225
121,226

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LAKISHA M. REED,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID L. DAHL, judge. Opinion filed April 24, 2020. Appeal dismissed.

Submitted for summary disposition under K.S.A. 2019 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., LEBEN and MCANANY, S.J.

PER CURIAM: Lakisha Reed pleaded guilty in two criminal cases. In the first case, 17 CR 52, which involved her third driving-under-the-influence (DUI) conviction, the district court sentenced Reed to 12 months in jail, with 12 months' post-imprisonment supervision to commence after she served 90 days in jail (with a credit for any jail time already served). In the second case, 17 CR 2390, the district court sentenced Reed to 136 months in prison and 24 months' postrelease supervision for felony aggravated battery by DUI. She was granted probation for 36 months, to be served consecutive to her sentence in 17 CR 52.

1

About six months after sentencing, Reed received a 60-day jail sanction for violating the terms of her post-imprisonment supervision in 17 CR 52 and the terms of her probation in 17 CR 2390.

A month later, the State alleged that Reed violated the terms of her supervision in both cases by consuming alcohol at a sports bar, missing two meetings with her probation officer, failing to timely notify that officer of contact she had with law enforcement, missing drug-and-alcohol treatment appointments, and failing to show that she had performed her required community service. Reed admitted these violations. The district court revoked post-imprisonment supervision in 17 CR 52 and ordered her to serve the rest of her one-year jail term and her post-imprisonment supervision period. In 17 CR 2390, the court extended Reed's probation by 24 months and ordered her to complete a residential program after completing her jail sentence in 17 CR 52.

Reed appeals the district court's decision in both cases, but on appeal she addresses only the district court's ruling in 17 CR 52. On Reed's motion, we accepted this appeal for summary disposition under K.S.A. 2019 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47).

Reed argues that the district court erred by revoking post-imprisonment supervision in 17 CR 52 and ordering her to serve the balance of her underlying sentence. But Reed has now served her jail sentence and her 12 months of post-imprisonment supervision in 17 CR 52. In her motion for summary disposition, Reed concedes:

> "But see *State v. Castillo*, 54 Kan. App. 2d 217, Syl. 6, 227 (2017) (When a DUI offender violates the conditions of post-imprisonment supervision, which is 'akin to probation,' the district court has the discretion to revoke that supervision), citing K.S.A. 2016 Supp. 8-1567(b)(3) (After the term of imprisonment, the person shall be placed on supervision for a mandatory one-year period. Any violation of the conditions of such supervision may subject such person to revocation of supervision and imprisonment in jail for the

2

remainder of the period of imprisonment, the remainder of the supervision period, or any combination or portion thereof.) See also *State v. Gumfory*, 281 Kan. 1168, 1170 (2006) (The district court has the discretion to revoke probation once a violation is established.)".

Mootness is a court policy against considering a controversy in which any decision we render will not affect the rights of the parties. Such is the case here. Her complaint is that the district court erroneously ordered her to serve her underlying sentence in 17 CR 52. But she has now completed serving her jail sentence and 12 months of post-imprisonment supervision, so even if the district court erred in ordering her to serve that sentence, we cannot turn back the clock and undo the effect of the district court's order. See *State v. Montgomery*, 295 Kan. 837, 844, 286 P.3d 866 (2012) ("We cannot change the sanction imposed for the probation violation because the prison term that [the defendant] was ordered to serve has been completed."). Nevertheless, we occasionally decide a moot issue if it involves an issue of public importance that is capable of repetition in other cases. But Reed does not invoke that exception.

Besides, if we were to consider Reed's argument, she would not prevail on the merits. Reed challenges the court's decision ordering her to serve the time left on her underlying jail-term and her period of post-imprisonment supervision. But K.S.A. 2019 Supp. 8-1567(b)(3) allows the court to do just that once a violation is established. Here, Reed admitted to the violations. The statute allows the district court to revoke supervision and order the defendant to serve "the remainder of the period of imprisonment, the remainder of the supervision period, or any combination or portion thereof." K.S.A. 2019 Supp. 8-1567(b)(3). Because Reed admitted to supervision violations, the statute authorized the district court to send her to jail for an amount of time that included a combination of her remaining jail time and supervision time. So even if the matter were not moot, Reed's appeal would fail.

Appeal dismissed.